UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------------x
HYUNDAI MERCHANT MARINE CO., LTD.,

                                 Plaintiff,                      14 Civ.   (   )

      -against-                                                **COMPLAINT**

FAITH GROUP CO., INC., INFO-KING
INTERNATIONAL ENTERPRISE LTD. and
PL PLASTIC SERVICES, LLC.,

                                 Defendants.
-------------------------------------------------------------------------x

        Plaintiff HYUNDAI MERCHANT MARINE CO., LTD., by and through its attorneys, Nicoletti Hornig & Sweeney, as and for its Complaint against Defendants FAITH GROUP CO., INC., INFO-KING INTERNATIONAL ENTERPRISE LTD. and PL PLASTIC SERVICES, LLC., alleges upon information and belief as follows:

### JURISDICTION AND VENUE

        1.     This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction over all non-maritime claims pursuant to pursuant to 28 U.S.C. § 1332 (a)(1) inasmuch as the matter in controversy exceeds $75,000.00 exclusive of interest and costs and is between citizens of different States.

        2.     Venue is proper in the United States District Court for the District of New Jersey because Defendants are subject to the court's personal jurisdiction as residents of the State of New Jersey and because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## PARTIES

3. At and during the times hereinafter mentioned, Plaintiff HYUNDAI MERCHANT MARINE CO., LTD (hereinafter "HMM"), a common carrier of containerized cargo by ocean vessel, was and now is a corporation organized and existing under and by virtue of the laws of South Korea with an office and principal place of business at 194 Yulgok-ro, Jongro-gu, Seoul 110-754, Korea.

4. At and during the times hereinafter mentioned, Defendant FAITH GROUP CO., INC. (hereinafter "FAITH GROUP") was and now is a corporation organized and existing under and by virtue of the laws of the state of New Jersey with an office and principal place of business at 195 Route 9, Suite 205, Manalapan, New Jersey.

5. At and during the times hereinafter mentioned, Defendant INFO-KING INTERNATIONAL ENTERPRISE LTD. (hereinafter "INFO-KING") was and now is a corporation organized and existing under and by virtue of the laws of the state of New Jersey with an office and principal place of business at 195 Route 9, Suite 205, Manalapan, New Jersey.

6. At and during the times hereinafter mentioned, Defendant PL PLASTIC SERVICES, LLC. (hereinafter "PL PLASTIC") was and now is a corporation organized and existing under and by virtue of the laws of the State of South Carolina with an office and principal place of business at 1913 E. Palmetto Street, Florence, South Carolina.

## AS AND FOR A FIRST CAUSE OF ACTION

**(Breach of contract)**

7. On or about November 6, 2012, HMM and Faith Group entered into a Service Contract No.: 76142 ("Service Contract") for the transportation of commodities, such as

2

synthetic resins and plastic waste or scrap, from the United States to China, Hong Kong or Taiwan. Attached hereto as Ex. 1 is a copy of the Service Contract.

8. The Service Contract was concluded between HMM, as carrier, and Faith Group, as Shipper, inclusive of all Faith Group's affiliates as listed in the Service Contract and listed below:

- PL Plastic Services LLC;
- Shanghai Plastics International, SA; and
- Info-King International Enterprise Limited.

Further, the Service Contract provided that Faith Group "certifies its status and that or all its affiliates authorized to, utilize this contract as Owner of Cargo." Moreover, it is specified that "The Shipper signing the contract warrants … (B) it is authorized to bind itself and every other Shipper and affiliate to the terms of this Contract." See Ex. 1, p. 7.

9. Pursuant to the Service Contract, HMM agreed to a total of 14 (fourteen) calendar days detention free time at destination Ningbo, Qingdao, Shanghai and Xingang for Dry Containers. See Ex. 1, p. 6.

10. The Service Contract is governed by the terms of the Global Boilerplate: FMC No. 47, Rule 424 ("Boilerpate Terms"). Attached hereto as Ex. 2 is a copy of the Boilerplate Terms. The Boilerplate Terms provide that:

> This Contract shall be binding only between Carrier and Shipper, including any affiliates of the Shipper listed on the signature page. The person signing this Contract on behalf of the Shipper warrants and represents that he/she has authority to enter into this Contract on behalf of the Shipper and its listed affiliates, if any. That person also warrants that each affiliate is an entity owned by, owning or under common control with the Shipper.

11. For each individual shipment, HMM issued a separate bill of lading in connection with each shipment. All bills of lading contain terms and conditions that apply to each shipment carried by HMM. Attached as Ex. 3 is a copy of HMM's terms and conditions of HMM's bill of lading.

12. Merchant is defined in HMM's terms and conditions as follows:

> "Merchant" includes the shipper, consignor, consignee, owner, and receiver of the Goods, and the holder of this Bill of Lading, all of whom shall be <u>jointly and severally liable to the Ocean Carrier for the payment of all freight demurrage, damages for detention</u> and for the performance of the obligations of any of them under this Bill of Lading, and the charter party described in the face of this Bill of Lading.

13. Clause 23 of HMM's terms and conditions further provides that:

> (F) <u>The Merchant shall be liable for and shall indemnify the Ocean Carrier against</u>: (1) all duties, taxes, consular fees, and other charges levied on the Goods, and (2) <u>all fines, damages, and losses sustained by the Ocean Carrier in connection with the Goods,</u> including the Merchant's failure to comply with laws and regulations of any public authority in connection with the Goods, or failure to procure consular, board of health, or other certificates to accompany the Goods, The Merchant shall be liable for return freight and charges on any Goods refused exportation or importation by any public authority.
>
> * * *
>
> (I) The Merchant shall be liable for Ocean Carrier attorney fees, expenses and costs to collect any freight or charges under Clause 23.

14. Pursuant to the Service Contract with FAITH GROUP and its affiliates INFO-KING and PL PLASTIC, HMM issued six bills of lading for shipments of seven containers from the United States to China. Attached as Ex. 4 is a copy of the six bills of lading.

4

15. On or about January 15, 2012, HMM issued bill of lading No. HDMUCVWB2642261 to INFO-KING, as affiliate of FAITH GROUP, for a shipment of plastic scrap from Cleveland, Ohio to Shanghai China.  Pursuant to this bill of lading, HMM tendered and carried a 45-foot shipping container No. HMMU9042959.

16. On or about February 19, 2012, HMM issued bill of lading No. HDMUCIWB2651771 to INFO-KING, as affiliate of FAITH GROUP, for a shipment of plastic scrap from Chicago, Illinois to Shanghai China.  Pursuant to this bill of lading, HMM tendered and carried a 45-foot shipping container No. HDMU6969862.

17. On or about February 26, 2012, HMM issued bill of lading No. HDMUCVWB2658699 to INFO-KING, as affiliate of FAITH GROUP, for a shipment of plastic scrap from Cleveland, Ohio to Shanghai China.  Pursuant to this bill of lading, HMM tendered and carried a 45-foot shipping container No. HDMU6852808.

18. On or about April 8, 2012, HMM issued bill of lading No. HDMUSLWB2674084 to INFO-KING, as affiliate of FAITH GROUP for a shipment of plastic scrap from St. Louis, Missouri to Shanghai, China.  Pursuant to this bill of lading, HMM tendered and carried two 45-foot shipping container No. HMMU9035841 and HMMU9049378.

19. On or about April 15, 2012, HMM issued bill of lading No. HDMUSLWB2674085 to INFO-KING, as affiliate of FAITH GROUP, for a shipment of plastic scrap from St. Louis, Missouri to Shanghai, China.  Pursuant to this bill of lading, HMM tendered and carried a 45-foot shipping container No. HDMU6972819.

20. On or about May 27, 2012, HMM issued bill of lading No. HDMUMHWB2695406 to PL PLASTIC, as affiliate of FAITH GROUP, for a shipment of

plastic scrap from St. Louis, Missouri to Shanghai, China. Pursuant to this bill of lading, HMM tendered and carried a 45-foot shipping container No. HDMU6853260.

21. Upon arrival of the seven containers at Shanghai, China, the consignees were allowed 14 days to pick up the containers and return the empty containers to HMM pursuant to the Service Contract.

22. HMM gave written notices of the arrival of each container in Shanghai, China, and further notices to advise shippers that the containers had not been cleared from the marine terminal in Shanghai.

23. However, in breach of their obligations under the bills of ladings, Defendants FAITH GROUP, INFO-KING and PL PLASTIC have failed to have the containers picked up and instead have allowed the containers to remain at the Port of Shanghai, China, where all containers are accruing demurrage, detention, storage charges and other charges, from their arrival at various time in 2012 to present.

24. As shippers of the containers under the bills of ladings Defendants FAITH GROUP, INFO-KING and PL PLASTIC are jointly and severally liable for all charges incurred as a result of any delay in arranging delivery of the containers at the port of discharge and failure to return the empty containers to HMM.

25. By reason of the premises, Defendants are jointly and severally liable to the plaintiff in an amount of at least Seven Hundred Thousand Dollars ($700,000.00) plus accruing costs, expenses and interest.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Attorney's fees, expenses and costs)

26.  HMM repeats and realleges each and every allegation contained in paragraphs 1 to 25 with the same force and effect as if set forth at length herein;

27.  Clause 23 (I) of HMM's Terms and Conditions provides that the Merchant shall be liable for attorney fees, expenses and costs to collect any freight or charges. See Ex. 3.

28.  Accordingly, HMM is entitled to an award in this action of reasonable attorney's fees, expenses and costs.

**WHEREFORE**, Plaintiff HYUNDAI MERCHANT MARINE CO., LTD. prays:

(a)  That process in due form of law may issue against Defendants FAITH GROUP CO., INC., INFO-KING INTERNATIONAL ENTERPRISE LTD. and PL PLASTIC SERVICES, LLC. citing it to appear and answer all and singular the matters aforesaid;

(b)  That judgment be entered in favor of Plaintiff, and against Defendants FAITH GROUP CO., INC., INFO-KING INTERNATIONAL ENTERPRISE LTD. and PL PLASTIC SERVICES, LLC., jointly and severally, in an amount of not less than Seven Hundred Thousand Dollars and No Cents ($700,000.00), together with interest, costs and disbursements of this action.

(c)  That judgment be entered in favor of Plaintiff and against Defendants FAITH GROUP CO., INC., INFO-KING INTERNATIONAL ENTERPRISE LTD. and PL PLASTIC SERVICES, LLC. on the Second Cause of Action for its reasonable attorney's fees, together with interest, costs and disbursements;

(d)  That this Court will grant to Plaintiff such other, further and different relief as to this Court may seem just and proper.

Dated: Hackensack, New Jersey,
       October 21, 2014

By:         NICOLETTI HORNIG & SWEENEY
*Attorneys for Plaintiff*
*HYUNDAI MERCHANT MARINE CO., LTD.*

_____
Nooshin Namazi, Esq.
505 Main Street, Ste. 106
Hackensack, NJ 07601
Telephone: (201) 343-0970
nnamazi@nicolettihornig.com
(File No.: 00001137 JFS/CR)

X:\Public Word Files\0\1137\LEGAL\COMPLAINT 10-21-14 final.doc